| | |
|---|---|
| PAUL M. LUCORE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.<br><br>　　　　　　　　　　Defendant. | Case No.: 3:18-cv-02382-L-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 19]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

　　　　Pending before this Court is Defendant Wells Fargo Bank's ("Wells Fargo") motion to dismiss Plaintiff Paul M. Lucore's ("Plaintiff") first amended complaint. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Wells Fargo's motion to dismiss.

//
//
//
//
//
//
//

1

## I. BACKGROUND

This case arises out of Wells Fargo's attempted foreclosure on Plaintiff's property for defaulting on a mortgage loan secured by the property. On August 31, 2006, Plaintiff obtained a loan for $376,000 [ECF No. 22-2 at 4-7], secured by a deed of trust against his property located at 10657 Felix Drive, Santee, CA 92071 [ECF No. 19-3 at 2-15]. Following this initial loan, Plaintiff executed a modification of the loan on March 2, 2010. ECF No. 22-2 at 9-15. On July 21, 2010, Plaintiff exercised his right to rescind the loan pursuant to 15 U.S.C. section 1635, subdivision (f) because he was not provided copies of required disclosures when modifying the loan under the Truth-in-Lending-Act (hereinafter "TILA"). ECF No. 16 at 3.

Although Plaintiff sent a rescission notice to his lenders to rescind the loan, on November 5, 2010, a Notice of Default [ECF No. 19-3 at 17] was recorded against Plaintiff's home, for arrearages of $16,704.03. Wells Fargo subsequently asserted a beneficial interest in the note and deed of trust connected to the loan pursuant to an assignment recorded against Plaintiff's property on November 21, 2013. ECF No. 16 at 4. In June 2018, a second Notice of Default was recorded against Plaintiff's property [ECF No. 19-3 at 145], and in October 2018, a Notice of Trustee's Sale was recorded against the property [ECF No. 19-3 at 150].

Accordingly, Plaintiff filed his initial complaint against Wells Fargo, Bank of America, and Barrett Daffin Frappier Treder & Weiss, LLP (hereinafter "Barrett") on October 18, 2018. ECF No. 1. In his complaint, Plaintiff asserted claims for (1) a violation of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. section 1692f, subdivision (6), and (2) cancellation of instruments. Two motions to dismiss were filed, one by Wells Fargo [ECF No. 8] and another by Bank of America [ECF No. 5]. Wells Fargo filed a partial joinder to Bank of America's motion to dismiss [ECF No. 7]. Plaintiff did not file an opposition, instead voluntarily dismissed his claims against Bank of America and filed a first amended complaint (hereinafter "FAC"), asserting his original two claims

against the remaining defendants.[1] *See* ECF Nos. 15, 16. This Court denied Bank of America's and Wells Fargo's initial motions to dismiss as moot. ECF No. 18. Now before the Court is Wells Fargo's motion to dismiss Plaintiff's first amended complaint (hereinafter "MTD").[2] ECF No. 19.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

//

---

[1] Due to Plaintiff's filing of an Amended Complaint, the Court DENIES AS MOOT Defendant Wells Fargo's first motion to dismiss [ECF No. 8].

[2] Defendant Barrett filed a joinder to the MTD. ECF No. 20. Barrett does so because Plaintiff alleges the same causes of action against it as he does against Wells Fargo. Barrett is the foreclosure trustee on the deed of trust at issue in the instant action. *See* ECF No. 21 at 19.

## III. FDCPA Claim

Under the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This includes taking non-judicial action to affect dispossession of property if there is no present right to possession of it. 15 U.S.C. § 1692f(6). This section of the FDCPA applies to security enforcers in non-judicial mortgage foreclosures. *Dowers v. Nationstar Mortg., LLC,* 852 F.3d 964, 970 (9th Cir. 2017).

Plaintiff's FDCPA claim stems from his attempted rescission of his mortgage loan pursuant to TILA because he was not provided the required TILA disclosures. He claims that the underlying note and deed of trust are void because the loan was rescinded pursuant to TILA's rescission provision. Thus, according to Plaintiff, Wells Fargo is in violation of the FDCPA for threatening to take non-judicial action to effect dispossession of Plaintiff's property based on the void and unenforceable note and deed of trust.

Wells Fargo asserts that Plaintiff is time-barred from premising any claim on an untimely rescission of his loan under TILA. Plaintiff posits that he was still within the time frame to rescind the loan because the execution of the loan modification on March 2, 2010 is the proper time from which to measure the three-year window. Plaintiff argues that the rescission was timely because the rescission occurred within three years of the loan modification's execution. Defendant counters that TILA disclosure requirements do not apply to loan modifications; thus, the date from which an attempted rescission should be measured is the date of the execution of the original loan. The central issue is whether TILA's disclosure and rescission provisions apply to Plaintiff's loan modification.

### A. Whether Plaintiff's Rescission under TILA is Time-Barred

TILA requires lenders to provide borrowers written disclosures about important terms of credit before borrowers are legally bound to pay back a loan. *See* 15 U.S.C. §§ 1631, 1632, 1635, 1638. TILA also "grants borrowers an unconditional right to rescind [a loan] for three days, after which [the borrower] may rescind only if the lender fail[s] to satisfy [TILA's] disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*,

135 S. Ct. 790, 792 (2015). However, "[e]ven if a lender never makes the required disclosures, the 'right of rescission [under TILA] shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever [occurs] first.'" *Id.* (quoting 15 U.S.C. § 1635(f)). The date of consummation of the transaction is the date on which the loan is signed. *Suellentrop v. Countrywide Bank FDB*, No. 11-CV-2274 BEN BGS, 2012 WL 1610003, at *3 (S.D. Cal. May 8, 2012) (citing 12 C.F.R. § 226.2(a)(13)). Rescission under TILA occurs when the borrower notifies the lender of his intention to rescind. *Jesinoski*, 135 S. Ct. at 792. A borrower's failure to timely rescind within this three-year period is ineffective and is also a complete bar to any claim predicated on a TILA rescission. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998) (borrower could not assert the right to rescind as an affirmative defense more than three-years after the consummation of the transaction because "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.").

Plaintiff signed the original loan on August 31, 2006, triggering the three-year window to rescind under TILA. ECF No. 22-2 at 6. Plaintiff exercised his right to rescind the loan on July 21, 2010, past the three-year window to do so under TILA. ECF No. 16 at 3. As such, the Court finds the rescission untimely. Plaintiff is therefore unable to state a claim for an FDCPA violation predicated a timely TILA rescission unless TILA disclosures should have been provided at the loan modification execution.

### 1. Whether TILA's Disclosure and Rescission Provisions Apply to Plaintiff's Loan Modification

Courts in the Ninth Circuit have found that TILA's disclosure requirements and rescission provisions do not apply to loan modifications agreements when they do not constitute either the extension of new credit or a refinancing. *See McKinney v. Bank of Am., N.A.*, 713 F. App'x 637, 638 (9th Cir. 2018) ("loan modifications are exempt from [TILA's] disclosure requirements"); *Suellentrop,* 2012 WL 1610003 at *3 (citing 12 C.F.R. § 226.20(a)(2)). The regulations provide that a "refinancing" is a new transaction requiring new TILA disclosures to the borrower. 12 C.F.R. § 226.20(a). A refinancing occurs "when

an existing obligation [subject to TILA's disclosure requirements] is satisfied and replaced by a new obligation undertaken by the same consumer." *Id.* The regulations also provide a list of transactions that are not a refinancing. The regulations specifically identify the following transaction as not a refinancing: "A [transaction resulting in a] reduction in the annual percentage rate [from the original loan] with a corresponding change in the payment schedule [compared to the original loan]." 12 C.F.R. § 226.20(a)(2); *see also De Jose v. EMC Mortg. Corp.*, No. C-11-00139 JCS, 2011 WL 1539656, at *7 (N.D. Cal. Apr. 18, 2011) ("TILA['s] disclosure requirements do not apply to forbearance or loan modifications that simply reduce the interest rate and payment schedule of a loan.").

Here, Plaintiff's loan modification agreement states:

> The modified Principal balance of [Plaintiff's] Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited [Plaintiff's] Loan. The new Principal balance of [Plaintiff's] Note will be $408,979.45 (the "New Principal Balance").

ECF No. 22-2 at 10. There is no indication in the loan modification agreement that Plaintiff was extended any new credit. Therefore, TILA's disclosure requirements only apply to Plaintiff's loan modification if it can be classified as a "refinancing."

Here, Plaintiff's modification does not satisfy the elements of refinancing. Plaintiff's existing obligation to repay the original loan was not satisfied and replaced by a new obligation. The modification simply altered Plaintiff's existing loan repayment obligation by lowering his interest rate. The maturity date on the loan did not change and the new loan amount increased only due to Plaintiff's unpaid amounts and interest accrued from the

date the loan was initially issued.[3] For these reasons, Plaintiff's modification of his original loan is not a refinancing for the purposes to providing TILA disclosures. Therefore, Plaintiff's rescission needed to be executed within three years of signing the original loan. Due to Plaintiff's failure to rescind within three years of the original loan date, Plaintiff's right of rescission and any claim for a violation of the FDCPA stemming from his attempted rescission of his loan expired. *See Beach*, 523 U.S. at 411–12.

### IV. CANCELLATION OF INSTRUMENTS CLAIM

To prevail on claim to for cancellation of instruments, a plaintiff must prove (1) that the instrument is void or voidable; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or prejudicial alteration of one's position. *U.S. Bank Nat'l Assn. v. Naifeh*, 1 Cal. App. 5th 767, 778 (2016).

Since Plaintiff premised these instruments being void due to a timely rescission of his loan under TILA, his cancellation of instrument claim fails for the same reasons his FDCPA claim fails.

### V. DISMISSAL WITH PREJUDICE IS APPROPRIATE

"A district court may deny leave to amend when amendment would be futile." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (citing *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000)). Further, "'[a] district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989)).

Plaintiff has alleged facts in his FAC that preclude him, as a matter of law, from stating a claim for either a violation of the FDCPA or for cancellation of instruments. Leave

---

[3] Plaintiff urges that TILA's disclosure requirements apply to his loan modification because the new principal balance exceeds the original loan amount and is therefore a refinance requiring new TILA disclosures. ECF No. 22-1 at 3.

7

3:18-cv-02382-L-MDD

to allow amendment would be futile because the untimeliness of Plaintiff's rescission renders Plaintiff's FDCPA and cancellation of instrument claims incapable of correction via amendment. As such, the Court finds that dismissal with prejudice is appropriate.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion to dismiss **WITH PREJUDICE**

**IT IS SO ORDERED.**

Dated: June 5, 2019

Hon. M. James Lorenz
United States District Judge