UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. LUCORE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.<br><br>　　　　　　　　　Defendant. | Case No.: 3:18-cv-02382-L-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 28]** |

Pending before this Court is Plaintiff Paul M. Lucore's ("Plaintiff") motion to vacate order pursuant to Federal Rule of Civil Procedure 60(b). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Plaintiff's motion.

**I.　BACKGROUND**

This case arises out of Wells Fargo's attempted foreclosure on Plaintiff's property for defaulting on a mortgage loan secured by the property. On August 31, 2006, Plaintiff obtained a loan for $376,000 [ECF No. 22-2 at 4-7], secured by a deed of trust against his property located at 10657 Felix Drive, Santee, CA 92071 [ECF No. 19-3 at 2-15]. Following this initial loan, Plaintiff executed a modification of the loan on March 2, 2010. ECF No. 22-2 at 9-15. On July 21, 2010, Plaintiff exercised his right to rescind the loan pursuant to 15 U.S.C. section 1635, subdivision (f) because he was not provided copies of

required disclosures when modifying the loan under the Truth-in-Lending-Act (hereinafter "TILA"). ECF No. 16 at 3.

Although Plaintiff sent a rescission notice to his lenders to rescind the loan, on November 5, 2010, a Notice of Default [ECF No. 19-3 at 17] was recorded against Plaintiff's home, for arrearages of $16,704.03. Wells Fargo subsequently asserted a beneficial interest in the note and deed of trust connected to the loan pursuant to an assignment recorded against Plaintiff's property on November 21, 2013. ECF No. 16 at 4. In June 2018, a second Notice of Default was recorded against Plaintiff's property [ECF No. 19-3 at 145], and in October 2018, a Notice of Trustee's Sale was recorded against the property [ECF No. 19-3 at 150].

Accordingly, Plaintiff filed his initial complaint against Wells Fargo, Bank of America, and Barrett Daffin Frappier Treder & Weiss, LLP (hereinafter "Barrett") on October 18, 2018. ECF No. 1. In his complaint, Plaintiff asserted claims for (1) a violation of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. section 1692f, subdivision (6), and (2) cancellation of instruments. Two motions to dismiss were filed, one by Wells Fargo [ECF No. 8] and another by Bank of America [ECF No. 5]. Wells Fargo filed a partial joinder to Bank of America's motion to dismiss [ECF No. 7]. Plaintiff did not file an opposition, instead voluntarily dismissed his claims against Bank of America and filed a first amended complaint (hereinafter "FAC"), asserting his original two claims against the remaining defendants. *See* ECF Nos. 15, 16. This Court denied Bank of America's and Wells Fargo's initial motions to dismiss as moot. ECF No. 18. Wells Fargo filed a motion to dismiss Plaintiff's first amended complaint. ECF No. 19. The Court granted the motion to dismiss and dismissed this action with prejudice. ECF No. 25. Subsequently, Plaintiff's attorney withdrew as counsel, and Plaintiff proceeded *pro se* to file this Rule 60(b) motion. *See* ECF No. 28.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b)(2) allows district courts to grant relief from judgment on the basis of new evidence. Rule 60(b)(2) relief is only granted if the party

seeking relief demonstrates the newly discovered evidence of facts: (1) existed at the time of trial; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Jones v. AeroChem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). If the party seeking Rule 60(b)(2) relief fails to establish one of the prongs, then the party is not entitled to relief. *See Hawaii Mgmt. Alliance Ass'n v. Meek*, 155 Fed.Appx. 978, 979 (9th Cir. 2005).

Here, Plaintiff fails to establish that the new information he submits to support his motion for relief could not have been discovered through due diligence. Specifically, Plaintiff reveals that he believes that his attorney was negligent in not submitting all the documentary evidence needed for a comprehensive assessment of the evidence in this case. ECF No. 28 at 5. Although he did not demonstrate how, Plaintiff also believes that the facts would have made a difference in the Court's earlier disposition. *Ibid.* However, Plaintiff fails to mention any reason why this newly-submitted evidence could not have been discovered through due diligence earlier in the litigation. Moreover, upon review of Plaintiff's motion, he fails to establish how this evidence was of such magnitude that it would have changed the Court's disposition. As such, the Court finds that Plaintiff is not entitled to Rule 60(b) relief as Plaintiff has not satisfied the three-part test.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
Hon. M. James Lorenz
United States District Judge