UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. LUCORE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.<br><br>　　　　　　　　　　Defendant. | Case No.: 3:18-cv-02382-L-MDD<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION [ECF No. 37]** |

  Pending before the Court is Plaintiff Paul M. Lucore's ("Plaintiff") motion to for to reconsider the Order Denying Plaintiff's Motion for Reconsideration (doc. no. 35) pursuant to Federal Rule of Civil Procedure 60(b). Defendant Wells Fargo Bank filed an opposition, and Plaintiff replied. The Court decides the motion on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the motion is denied.

  In this wrongful foreclosure action, Plaintiff alleged claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f, and cancellation of instruments. Both claims were premised on the contention that Plaintiff had rescinded his mortgage loan modification. (*See* doc. no. 16.) The action was dismissed because the Court found Plaintiff did not timely exercise his right of rescission. (*See* doc. no. 25 ("Dismissal Order").) Subsequently, Plaintiff terminated his counsel and, proceeding pro se, filed a

motion to reconsider the Dismissal Order pursuant to Rule 60(b).  (Doc. no. 28; *see also* doc. no. 33.)

In his first motion to reconsider, Plaintiff argued the Dismissal Order and resulting judgment should be vacated because his counsel had been negligent in filing the complaint and opposition to motion to dismiss in that he had failed to brief all the relevant facts and law.  (Doc. no. 28.)  He also claimed the Court had erred as a matter of law.  The motion was denied because Plaintiff had not shown that the additional facts he provided in his motion to reconsider could not have been discovered earlier with due diligence, or that they would have made a difference in the disposition of his case.  (Doc. no. 35 ("Reconsideration Order")).

Pending before the Court is Plaintiff's second motion to reconsider.  (Doc. no. 37.)  The burden is on Plaintiff as the party seeking reconsideration.  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994).[1]

Plaintiff reasserts the same arguments as in his first motion to reconsider.  In addition, he suggests that his attorney engaged in intentional misconduct by failing to disclose that he had previously worked for Defendant Bank of America, and that this was the reason he advised Plaintiff to dismiss this defendant and present the Court with less than all the relevant law and facts.  (*Id.* at 4.)  Plaintiff also newly argues that the modification agreement filed by Defendants in support of motion to dismiss "must be fraudulent" based on "the new evidence of the Mortgage Audit only just received by the plaintiff . . .."  (Doc. no. 37 at 4.)  Plaintiff's explanation why these arguments were not raised in his first motion to reconsider are unavailing.  With respect to the modification agreement, he claims he had just received the mortgage audit "from the interest party[2]

---

[1]   Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted throughout.

[2]   The interested party is Plaintiff's uncle who co-owned the property in dispute.  (*See* doc. no. 28-1 at 2.)

who contract for it in 2011 only just located it [*sic*]." (*Id.*)  With respect to his own counsel's alleged former employment at Bank of America he only states that "Plaintiff only just learned of this from the 'interested party.'" (*Id.*)  This falls far short of demonstrating that with due diligence these additional facts could have been provided to the Court earlier.  Even if the Court were to accept Plaintiff's representations regarding his attorney's alleged misconduct and the loan modification document, the Court is not persuaded that they alter the analysis in the Dismissal Order.

Plaintiff claims he is entitled to relief pursuant to Rule 60(b)(1), (2), (3), (4) and (6).  (Doc. no. 39 at 4.)  The Court disagrees.

Under Rule 60(b)(2), "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. AeroChem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990).  As discussed above, Plaintiff has not met these requirements.

Plaintiff also has not met his burden under Rule 60(b)(3), which provides in pertinent part, "the court may relieve a party . . . from a final judgment . . . for [¶] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  To prevail, he would have to prove by clear and convincing evidence that the alleged fraud prevented him from fully or fairly presenting his case.  *See De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  He has not made the requisite showing or met the high evidentiary burden of Rule 60(b)(3).

Rule 60(b)(6), a catch-all provision, "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video, Inc. v. County of San Diego,* 505 F.3d 996, 1005 (9th Cir. 2007).  Plaintiff has not shown extraordinary circumstances.

In a conclusory manner, Plaintiff also contends he is entitled to relief under Rule 60(b)(1), which requires a showing of "mistake, inadvertence, surprise, or excusable

neglect," and 60(b)(4), which requires a showing that "the judgment is void." He has presented no evidence to meet the requirements of either subsection. "As a general rule, parties are bound by the actions of their lawyers," and not even "alleged attorney malpractice . . . provide[s] a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's,* 362 F.3d 1254, 1260 (9th Cir. 2004).

For the foregoing reasons, Plaintiff's second motion to reconsider is denied. The Court will not entertain any further motions to reconsider.

**IT IS SO ORDERED.**

Dated:  September 10, 2020

_____
Hon. M. James Lorenz
United States District Judge